UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Khemall Jokhoo, | No. 24-cv-4202 (KMM/DTS) |
| Petitioner, | |
| v. | **ORDER** |
| LeAnn K. Bell, *doing business as* United States, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate Judge David T. Schultz on December 19, 2024. (Doc. 5.) Judge Schultz recommends that Petitioner Khemall Jokhoo's request for habeas corpus relief under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction. Mr. Jokhoo filed timely objections to the R&R. (Doc. 6.) As a result, the Court reviews the matter de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) (same); D. Minn. LR 72.2(b)(3) (same). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) (same).

In 2014, Mr. Jokhoo was convicted of multiple counts of mail fraud, wire fraud, bank fraud, aggravated identity theft, and false personation of an officer or employee of the United States. He was sentenced to 175 months in prison followed by a 5-year period

1

of supervised released. *United States v. Jokhoo*, No. 12-CR-309, Docket No. 139 (D. Minn. Aug. 20, 2014). After he was released from prison, he was charged with violating the terms of his supervised release; United States District Judge David S. Doty held a revocation hearing and found Petitioner had violated several special and standard conditions of supervision; and Judge Doty sentenced Petitioner to serve twelve months in a Bureau of Prisons facility for the supervised release violations. *Id.*, No. 12-CR-309, Docket Nos. 230 (Violation Report); *id.*, Docket No. 249 (Supervised Release Violation Sentencing Judgment). Respondent in this case, LeeAnn K. Bell, is an Assistant United States Attorney. Ms. Bell is counsel of record in Mr. Jokhoo's underlying criminal case and she appeared on behalf of the government at the supervised release revocation hearing. Mr. Jokhoo currently has a direct appeal of the supervised release violation pending. *Id.*, Docket No. 250 (Notice of Appeal).[1]

Petitioner brought this habeas action while the revocation proceeding was ongoing. As the R&R describes, the habeas petition in this case asserts that the District Court in Mr. Jokhoo's criminal case lacked jurisdiction over the revocation proceedings and he brings the following claims:

> (1) the Respondent, presumably the Assistant United States Attorney who requested revocation of Jokhoo's supervised release on behalf of the government, violated the Appointments Clause and her oath of office by requesting revocation without first establishing that the government had standing to petition for his supervised release to be revoked; (2) because the United States criminal code is not an "Act of

---

[1] Mr. Jokhoo also pursued a direct appeal of his original sentence, *United States v. Jokhoo*, No. 12-CR-309, Docket No. 141 (D. Minn. Aug. 27, 2014) (Notice of Appeal), and the Eighth Circuit affirmed, *United States v. Jokhoo*, 806 F.3d 1137 (8th Cir. 2015).

> Congress" and United States citizens can only be imprisoned pursuant to an "Act of Congress," see 18 U.S.C. § 4001(A), Jokhoo's original incarceration was unlawful; (3) Respondent failed to establish federal jurisdiction over the private property on which he was arrested; and (4) these violations have caused him irreparable harm

(Doc. 5 at 2 (citing Doc. 1).) The R&R then reaches the following conclusions: Mr. Jokhoo's claims are actually challenges to the original terms of Petitioner's conviction and sentence, including the terms of his supervised release; Petitioner should have raised his claims in a direct appeal from his criminal conviction and sentence or a motion under 28 U.S.C. § 2255, but he did not; Petitioner has not shown that the remedy under § 2255 would be inadequate or ineffective; and, therefore, the court lacks jurisdiction over his claims. (*Id.* at 2–4.)

The Court has carefully reviewed Mr. Jokhoo's Objection to the Report and Recommendation (Doc. 6). And in considering his objections, the Court has also considered Petitioner's "Notice of Appeal, Opposition to Government Response (Doc. 10), "Affidavit of Truth" (Doc. 7), "Interrogatories Pursuant to Fed. R. Civ. P. 33" (Doc. 8), the habeas petition (Doc. 1), and Petitioner's affidavit in support of the petition (Doc. 3). In his objections to the R&R, Mr. Jokhoo raises several arguments: one is about the Magistrate Judge's authority, and the rest concern the merits of his habeas petition. First, Petitioner contends that because Judge Schultz is a Magistrate Judge rather than a judge appointed and confirmed under Article III of the U.S. Constitution, Judge Schultz does not have the authority to adjudicate his jurisdictional challenge concerning his original criminal case. (Doc. 6, Ground One.) However, Judge Schultz did not finally adjudicate the petition

3

in this matter; instead, he issued proposed findings and a recommended disposition, all in accordance with the provisions of 28 U.S.C. § 636. This Court will not be the one that adjudicates Mr. Jokhoo's case.

Next, Mr. Jokhoo repeats the same arguments raised in his petition (*id.*, Grounds Two, Three, and Four), which are the arguments that Judge Schultz addressed in the R&R (Doc. 5 at 2). However, none of these arguments demonstrates that this Court has jurisdiction to consider the challenges Mr. Jokhoo presents in this habeas proceeding under 28 U.S.C. § 2241. Unless he demonstrates that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective, Mr. Jokhoo's only avenue for raising those challenges would be through a § 2255 motion or a direct appeal from his original conviction and sentence. Mr. Jokhoo has failed to show that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (explaining that a collateral attack on a conviction or sentence must generally be raised in a § 2255 motion and § 2241 habeas petition may only be used where the petitioner meets his burden to show the § 2255 remedy would be inadequate or ineffective).

The Court finds that Mr. Jokhoo has not provided a valid basis for this Court to depart from Judge Schultz's well-reasoned and correct assessment that the Court lacks jurisdiction to grant the habeas relief Mr. Jokhoo seeks. Therefore, the Court overrules Petitioner's objections and accepts the R&R.

Accordingly, IT IS HEREBY ORDERED THAT

1.  The Report and Recommendation (Doc. 5) is ACCEPTED.

2.  Petitioner's Objections to the Report and Recommendation (Doc. 6) are OVERRULED.

3.  The Petition for a Writ of Habeas Corpus (Doc. 1) is DENIED, and this action is DISMISSED for lack of jurisdiction.

**Let Judgment be entered accordingly.**

Date: February 6, 2025                    *s/Katherine Menendez*
                                          Katherine Menendez
                                          United States District Judge